IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, | ) ) ) | Civ. No. 10-00007 ACK-BMK |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| RASOUL ABDOL ESFANDIARI, EFRAM P. MILLER aka EPHRAM MILLER, | ) ) ) | |
| Defendants. | ) ) | |

<u>ORDER (1) CONSTRUING DEFENDANT MILLER'S MOTION IN AGREEMENT WITH THE DISCHARGE OF PLAINTIFF NEW YORK LIFE INSURANCE AS A STATEMENT OF NO OPPOSITION, (2) GRANTING PLAINTIFF'S MOTION FOR DISCHARGE, AND (3) FINDING THAT PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS</u>

<u>BACKGROUND</u>

On August 26, 2002, Plaintiff New York Life Insurance and Annuity Corporation ("Plaintiff" or "New York Life") issued a life insurance policy numbered 62831751 ("Policy") to Helen Miller ("Insured"), with a face value of $50,000. <u>See</u> First Amended Complaint filed on January 5, 2010 ("Compl.") ¶ 9; <u>see also</u> Plaintiff's Memorandum in Support of its Motion for Discharge ("Pl's Mot. Mem.") at 2 (citing the affidavit of Mary Ann Simmons at ¶ 2). Plaintiff states that the Policy originally named Barbara Miller as the first beneficiary and Defendant Efram P. Miller, aka Ephram Miller ("Defendant Miller") as the second

beneficiary.  Compl. ¶ 9.  Barbara Miller appears to be Defendant
Miller's mother.[1/]  See Docket no. 38, Order Denying Defendant
Efram Miller's Request for Appointment of Counsel at 2.  After
processing several Change of Beneficiary and Transfer of
Ownership forms, the first beneficiary became Defendant Rasoul
Abdol Esfandiari ("Defendant Esfandiari").  Compl. ¶ 18.
According to Plaintiff, upon information and belief, the Insured
died on August 4, 2009.  Pl's Mot. Mem. at 2.  At the time of her
death, the amount payable under the policy was $44,424.25.  Id.

On September 24, 2009, Defendant Esfandiari submitted a
claim for the proceeds of the Policy to New York Life.  Compl. ¶¶
20-21; Pl's Mot. Mem. at 2.  On or about September 30, 2009,
Defendant Miller, by and through his attorneys, submitted to
Plaintiff a competing claim for the proceeds of the Policy.
Compl. ¶¶ 20-21; Pl's Mot. Mem. at 2.[2/]  Defendant Miller alleges
that ownership of the policy was fraudulently transferred to
Defendant Esfandiari.  Compl. ¶ 22; Pl's Mot. Mem. at 2-3.

On January 4, 2010, due to defendants' competing claims

---

[1/] According to the Complaint, on or about August 26, 2002,
New York Life processed a Change of Beneficiary form changing the
first beneficiary from Barbara Miller to Efram Miller, and naming
Delores John as the second beneficiary.  Compl. ¶ 10.
Subsequently, on or about January 28, 2003, New York Life
processed a Transfer of Ownership form transferring ownership of
the Policy to Efram Miller.  Id. ¶ 11.

[2/] Defendant Miller, who appears in this action pro se, is
currently incarcerated at the Pleasant Valley State Prison in
Coalinga, CA.

to the proceeds of the Policy, Plaintiff brought this
interpleader action against Defendants Miller and Esfandiari
pursuant to 28 U.S.C. § 1335.  Plaintiff filed a first amended
complaint on January 5, 2010.

On January 7, 2010, Plaintiff deposited $44,424.25
("Funds") with the Clerk of the Court to be placed in an
interest-bearing account or to be invested in an interest-bearing
instrument approved by the Court.  See Docket no. 7, Order
Granting Plaintiff New York Life's Ex Parte Motion to Deposit
Funds in an Interest-bearing Account; see also Pl's Mot. Mem. at
3.

On February 17, 2010, Defendant Esfandiari filed an
answer ("Defendant Esfandiari's Answer") and a crossclaim against
Defendant Miller ("Defendant Esfandiari's Crossclaim").

On May 19, 2010, New York Life filed a motion for
discharge of Plaintiff ("Pl's Motion for Discharge"), which was
accompanied by a memorandum in support.  Plaintiff requests an
order: (1) discharging New York Life from the present action and
relieving it and its affiliates from any other or further
liability for interpleader of all defendants and/or deposit of
funds in the custody of the Court's registry; (2) requiring
Defendants to interplead their respective claims to the funds;
and (3) awarding New York Life its attorneys' fees and other
costs and disbursements incurred and made by it in connection

with bringing and maintaining this interpleader action.  Pl's
Motion for Discharge at 2.

On June 22, 2010, Defendant Esfandiari moved for
default judgment on his crossclaim against Defendant Miller
("Defendant Esfandiari's Motion for Default Judgment").[3/]  On
July 12, 2010, Defendant Miller filed a motion to set aside
default ("Defendant Miller's Motion to Set Aside Default").
These motions, as well various other motions, are currently
scheduled for hearing before Magistrate Judge Barry M. Kurren on
September 3, 2010.[4/]  On July 21, 2010, based on Defendant
Miller's Motion to Set Aside Default, Defendant Miller filed a
"Response to Plaintiff's First Amended Complaint" ("Defendant
Miller's Response").  See Docket no. 62.

On July 12, 2010, Defendant Miller filed a document
entitled "Motion by Cross Claim Defendant Efram P. Miller In
Agreement with the Discharge of Plaintiff New York Life Insurance
and Annutty [sic] Corporations [sic] Motion for Discharge"
("Defendant Miller's Motion in Agreement").  In the motion,
Defendant Miller "request[s] that [Plaintiff] be discharged from

_____

[3/] The Clerk of the Court entered default against Defendant
Miller on May 3, 2010.

[4/] The other motions set for hearing on September 3, 2010,
before Judge Kurren include Badger Arakaki's (Defendant
Esfandiari's former counsel) motion for a charging lien and
Defendant Miller's "Motion for a Court Order Directing Facility
'D' Librarian to Photo Copying [sic] of Legal Documents To All
Parties."

4

this case." Defendant Miller's Motion in Agreement at 1.  As
such, the Court construes Defendant Miller's filing as a
statement of no opposition to Plaintiff's Motion for Discharge,
rather than a separate motion for discharge.

Although Defendant Esfandiari did not file a response
to Plaintiff's Motion for Discharge, in his Motion for Default
Judgment he states "[t]he amount of judgment is now certain or
can be readily ascertained, inasmuch as the Plaintiff New York
Life Insurance and Annuity Corporation's Motion for Discharge,
including the request for payment [of] legal fees and expenses is
not disputed by the appearing parties."  Defendant Esfandiari's
Motion for Default Judgment at 2.  Defendant Esfandiari proceeds
to request that the Court "enter judgment on [his] Crossclaim
against Miller for the remainder of the interpleaded funds less
the amount [] paid to Plaintiff New York Life Insurance and
Annuity Corporation as its reimbursement of attorney's fees and
costs."  Id.  Thus, Defendant Esfandiari does not oppose
Plaintiff's Motion for Discharge.

The Court held a hearing on Plaintiff's Motion for
Discharge on August 9, 2010.  Only counsel for Plaintiff made an
appearance at the hearing.  Prior to the hearing, when contacted
by the Court, counsel for Defendant Esfandiari stated that he did
not plan on attending the hearing because Defendant Esfandiari
was not opposed to Plaintiff's Motion for Discharge.

## DISCUSSION

Plaintiff makes two requests in its motion.  First, Plaintiff requests an order from the Court discharging Plaintiff from the present action and requiring Defendants to interplead their respective claims to the funds.  Second, Plaintiff requests that it be awarded attorneys' fees and other costs made in connection with bringing and maintaining this interpleader action.  The Court will address each request in turn.

## I.       Discharge

"Rooted in equity, interpleader is a handy tool to protect a stakeholder from multiple liability and the vexation of defending multiple claims to the same fund."  Washington Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C., 985 F.2d 677, 679 (2d Cir. 1993).  "Interpleader allows a plaintiff stakeholder to join in a single action those parties who are or might assert claims to a common fund held by the stakeholder."  First Interstate Bank of Oregon v. United States, 891 F.Supp. 543, 547 (D. Or. 1995) (internal citations omitted).  Moreover, "[a] stakeholder, acting in good faith, may maintain a suit in interpleader to avoid the vexation and expense of resisting adverse claims, even though he believes only one of them is meritorious."  New York Life Ins. Co. v. Welch, 297 F.2d 787, 790 (D.C. Cir. 1961).  An interpleader action usually encompasses two distinct stages: (1) determining whether the requirements for

6

rule or statutory interpleader action have been met by
determining if there is a single fund at issue and whether there
are adverse claimants to that fund, and (2) determining the
respective rights of the adverse claimants.  See <u>Mack v.</u>
<u>Kuckenmeister</u>, --- F.3d ----, 2010 WL 2853881, *9 (9th Cir. July
22, 2010) (citing <u>Rhoades v. Casey</u>, 196 F.3d 592 (5th Cir.
1999)).

 28 U.S.C. § 1335 provides district courts with
jurisdiction to hear interpleader actions filed by a plaintiff
having possession of money or property worth at least $500 if
"[t]wo or more adverse claimants, of diverse citizenship . . .
are claiming or may claim to be entitled to such money or
property . . . and if . . . the plaintiff has deposited such
money . . . into the registry of the court, there to abide the
judgment of the court."  28 U.S.C. § 1335(a).  In other words,
discharge of a disinterested stakeholder is permissible when: (1)
the value of the stake exceeds $500; (2) at least two adverse
claimants are of diverse citizenship; and (3) the stakeholder has
deposited the stake with the court.  See <u>id.</u>

 Discharge of a stakeholder in an interpleader action
brought pursuant to 28 U.S.C. § 1335 is governed by 28 U.S.C. §
2361.  Section 2361 provides that the "district court shall hear
and determine the case, and may discharge the plaintiff from
further liability."  28 U.S.C. § 2361.

In this case, all of the jurisdictional requirements of
28 U.S.C. § 1335(a) have been met.  First, the amount in
controversy well exceeds $500, as the amount payable under the
policy at the time of the Insured's death was $44,424.25.
Second, minimal diversity is satisfied in this instance as the
two adverse claimants are of diverse citizenship.  Defendant
Miller is a citizen of California (where he is currently
incarcerated) and Defendant Esfandiari is a citizen of Hawai'i.
Moreover, they are adverse claimants because both Defendants have
made claims to all of the subject Funds.  <u>See</u> Pl's Mot. Mem. at
2.  Third, and finally, on January 7, 2010, Plaintiff deposited
$44,424.25 with the Clerk of the Court to be placed in an
interest-bearing account or to be invested in an interest-bearing
instrument approved by the Court.  <u>See</u> Docket no. 7, Pl's Mot.,
Ex. F.

Plaintiff does not contest its liability under the
Policy or claim an entitlement to the proceeds.  Pl's Mot. Mem.
at 5.  Plaintiff explains that "[h]aving already deposited the
full amount payable under the Policy with the Court, New York
Life does not wish to participate in the adjudication of
defendants' respective claims to the Funds."  <u>Id.</u>

Accordingly, because the jurisdictional requirements of
28 U.S.C. § 1335(a) have been met, and because Plaintiff claims
no interest in this action except to be discharged and awarded

8

its attorneys' fees and costs, the Court GRANTS Plaintiff's
Motion for Discharge.  Plaintiff and its parent company and
affiliates are hereby relieved from any other or further
liability relating to the subject matter of this action.

Although Defendant Esfandiari has filed a crossclaim
against Defendant Miller, the Court observes that Defendant
Miller has yet to file an answer to this crossclaim (though
Defendant Miller's Response to Plaintiff's Complaint, filed on
July 21, 2010, does make reference to Defendant Esfandiari).

## II.      Attorneys' Fees

Courts have discretion to award attorneys' fees to a
disinterested stakeholder in an interpleader action.  See Abex
Corp. v. Ski's Enters., Inc., 748 F.2d 513, 516 (9th Cir. 1984);
see also Schirimer Stevedoring Co. v. Seaboard Stevedoring Corp.,
306 F.2d 188, 193-94 (9th Cir. 1962).  The Ninth Circuit has
stated that one reason for such awards is that, in bringing the
interpleader action, the disinterested stakeholder "prevent[s]
dissipation" of the disputed funds.  Schirimer Stevedoring Co.,
306 F.2d at 193-94; see also Trustees of the Directors Guild of
Am-Producer Pension Benefits Plans v. Tise ("Tise"), 234 F.3d
415, 426 (9th Cir. 2000).  The Ninth Circuit has also reasoned
that "the plaintiff should not have to pay attorneys' fees in
order to guard himself against the harassment of multiple
litigation."  Schirimer Stevedoring Co., 306 F.2d at 193-94.

9

However, "because the interpleader plaintiff is supposed to be disinterested in the ultimate disposition of the fund, attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing the plan's release from liability, not in litigating the merits of the adverse claimants' positions." Tise, 234 F.3d at 426-27 (citing Schirimer Stevedoring Co., 306 F.2d at 194).  In addition to attorneys' fees, costs may be awarded as well. See Gelfren v. Republic Nat'l Life Ins. Co., 680 F.2d 79, 81 (9th Cir. 1982); Palomas Land and Cattle Co. v. Baldwin, 189 F.2d 936 (9th Cir. 1951) (affirming an award of attorneys' fees and costs to a disinterested stakeholder in an interpleader action).

"Compensable expenses include, for example, preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action." Tise, 234 F.3d at 427 (citing Schirimer Stevedoring Co., 306 F.2d at 194).  Because the scope of compensable expenses is limited, attorneys' fee awards to disinterested interpleader plaintiffs are typically modest. Id.  The interpleader plaintiff bears the burden to establish entitlement to attorneys' fees. Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

In this case, Plaintiff is a disinterested stakeholder that asserts no claim to the funds.  Pl's Mot. Mem. at 7.

Plaintiff notes that "[w]ith the Funds subject to competing claims by defendants, New York Life could not, with safety to itself, determine the rightful owner of the Funds." Id.  Thus, Plaintiff filed this interpleader action and deposited the Funds to prevent dissipation of the Funds, and to avoid future claims and litigation relating to the Funds.  Id.  Plaintiff asserts that as of May 19, 2010, its attorneys' fees totaled $8,977.00 and its costs for filing and service totaled $571.68.

The Court finds that an award of attorneys' fees and costs is appropriate in this instance because Plaintiff has brought this action in good faith to prevent dissipation of the Funds.  As such, the Court GRANTS Plaintiff's request for attorneys' fees and costs.  Defendants Miller and Esfandiari have not objected to the proposed amount of attorneys' fees and costs. However, because the interpleader plaintiff bears the burden to establish entitlement to attorneys' fees, Plaintiff is instructed to file a motion for determination of reasonable attorneys' fees and costs to be decided by the Magistrate Judge.  See Tise, 234 F.3d at 427.

## CONCLUSION

In light of the foregoing, the Court:

(1) GRANTS Plaintiff's Motion for Discharge.  Plaintiff and its parent company and affiliates are hereby relieved from any other or further liability relating to the subject matter of

11

this action; and

      (2) FINDS that Plaintiff is entitled to attorneys' fees and other costs incurred by it in connection with bringing and maintaining this interpleader action.  Plaintiff is directed to file an appropriate motion to be heard by the Magistrate Judge to determine the exact amount of attorneys' fees and other costs it is entitled to.

      IT IS SO ORDERED.

      Dated: Honolulu, Hawai'i, August 13, 2010.



              _____
              Alan C. Kay
              Sr. United States District Judge

---

New York Life Insurance and Annuity Corp. v. Esfandiari, et al., Civ. No. 10-00007 ACK-BMK: Order (1) Construing Defendant Miller's Motion in Agreement with the Discharge of Plaintiff New York Life Insurance as a Statement of No Opposition, (2) Granting Plaintiff's Motion for Discharge, and (3) Finding That Plaintiff is Entitled to Attorneys' Fees and Costs