IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,<br><br>   Plaintiff,<br><br> vs.<br><br>RASOUL ABDOL ESFANDIARI, EFRAM P. MILLER aka EPHRAM MILLER,<br><br>   Defendants.<br>_____ | CV. NO. 10-00007 ACK-BMK<br><br>ORDER GRANTING DEFENDANT EFRAM P. MILLER aka EPHRAM MILLER'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT AND DENYING DEFENDANT EFRAM P. MILLER aka EPHRAM MILLER'S MOTION FOR COURT ORDER DIRECTING FACILITY "D" LIBRARIAN TO ALLOW PHOTOCOPYING OF LEGAL DOCUMENTS; FINDINGS AND RECOMMENDATION TO DENY DEFENDANT/CROSSCLAIMANT RASOUL ABDOL ESFANDIARI'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT EFRAM P. MILLER aka EPHRAM MILLER |

ORDER GRANTING DEFENDANT EFRAM P. MILLER aka EPHRAM
MILLER'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT AND
DENYING DEFENDANT EFRAM P. MILLER aka EPHRAM MILLER'S
MOTION FOR COURT ORDER DIRECTING FACILITY "D" LIBRARIAN TO
ALLOW PHOTOCOPYING OF LEGAL DOCUMENTS; FINDINGS AND
RECOMMENDATION TO DENY DEFENDANT/CROSSCLAIMANT RASOUL
ABDOL ESFANDIARI'S MOTION FOR DEFAULT JUDGMENT AGAINST
<u>DEFENDANT EFRAM P. MILLER aka EPHRAM MILLER</u>

On January 5, 2010, Plaintiff New York Life Insurance and Annuity

Corporation filed an amended complaint for interpleader against Defendants

Rasoul Abdol Esfandiari ("Esfandiari") and Efram P. Miller aka Ephram Miller ("Miller").  (Doc. # 6.)  On February 17, 2010, Esfandiari answered the amended complaint for interpleader and filed a crossclaim against Miller (the "crossclaim").  (Doc. # 10.)  On May 3, 2010, Esfandiari requested that default be entered against Miller for his failure to answer or otherwise defend against the crossclaim.  (Doc. # 29.)  The Clerk of Court entered default against Miller that day.  (Doc. # 31.)  On June 22, 2010, Esfandiari moved for default judgment against Miller.  (Doc. # 40.)  Miller moved to set aside the entry of default, claiming that his incarceration at Pleasant Valley State Prison (the "prison") prevented him from timely answering or otherwise defending against the crossclaim.  (Mot. at 2.)  Miller also moved for an order directing the prison law library staff to allow him to photocopy legal documents.  (Doc. # 61.)

        Rule 55(c) of the Federal Rules of Civil Procedure states that "[t]he court may set aside an entry of default for good cause . . . ."  Fed. R. Civ. P. 55(c).  In determining whether good cause exists, the court must consider the following three factors: (1) whether the party seeking to set aside the entry of default engaged in culpable conduct that led to the default, (2) whether that party had no meritorious defense, and (3) whether setting aside the entry of default would prejudice the other party.  Franchise Holding II, LLC v. Huntington Rests. Group,

Inc., 375 F.3d 922, 925-26 (9th Cir. 2004) (citation omitted). "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (citation and quotations omitted).

The Court concludes that the three factors weigh in favor of setting aside the entry of default in this case. First, there is no evidence that Miller engaged in culpable conduct that led to the default. Second, Miller asserts that his ownership of the life insurance policy at issue was fraudulently transferred to another individual. (Mot. at 2.) Third, Esfandiari will not be prejudiced if the entry of default is set aside as no dates or deadlines have been set. The Court, thus, concludes that there is good cause for setting aside the entry of default and the case should be decided on its merits. Accordingly, Miller's Motion to Set Aside the Entry of Default is GRANTED. Miller has up to and including October 4, 2010 within which to file an answer to the crossclaim. Because the Court set aside the entry of default, the Court FINDS that Esfandiari's Motion for Default Judgment Against Miller is moot and RECOMMENDS that it be DENIED as such.

Lastly, Miller moves for an order directing the prison law library staff to allow him to photocopy legal documents. (Doc. # 61.) This Court does not

have jurisdiction over the prison law library staff and therefore, cannot provide the relief requested.  Accordingly, Miller's Motion for Court Order Directing Facility "D" Librarian to Allow Photocopying of Legal Documents is DENIED.

    IT IS SO ORDERED and FOUND AND RECOMMENDED.

    DATED:  Honolulu, Hawaii, September 13, 2010.



             /S/ Barry M. Kurren
            Barry M. Kurren
            United States Magistrate Judge

New York Life Insurance & Annuity Corp. v. Rasoul Abdol Esfandiari, et al., Civ. No. 10-00007 ACK-BMK, ORDER GRANTING DEFENDANT EFRAM P. MILLER aka EPHRAM MILLER'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT AND DENYING DEFENDANT EFRAM P. MILLER aka EPHRAM MILLER'S MOTION FOR COURT ORDER DIRECTING FACILITY "D" LIBRARIAN TO ALLOW PHOTOCOPYING OF LEGAL DOCUMENTS; FINDINGS AND RECOMMENDATION TO DENY DEFENDANT/CROSSCLAIMANT RASOUL ABDOL ESFANDIARI'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT EFRAM P. MILLER aka EPHRAM MILLER.