IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,<br><br>  Plaintiff,<br><br>vs.<br><br>RASOUL ABDOL ESFANDIARI, EFRAM P. MILLER aka EPHRAM MILLER,<br><br>  Defendants. | CV. NO. 10-00007 ACK-BMK<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION'S MOTION FOR DETERMINATION OF REASONABLE ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION'S MOTION FOR DETERMINATION OF REASONABLE ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART

Before the Court is Plaintiff New York Life Insurance and Annuity Corporation's ("Plaintiff") Motion for Determination of Reasonable Attorneys' Fees and Costs. (Doc. # 83.) Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing. After careful consideration of the motion, the supporting memoranda, and the attached documentation, the Court RECOMMENDS that Plaintiff's motion be GRANTED IN PART and DENIED IN PART. Specifically, the Court RECOMMENDS that

Plaintiff be awarded $3,096.00 in attorneys' fees and $571.68 in costs, for a total award of $3,667.68.

## BACKGROUND

On August 26, 2002, Plaintiff issued a life insurance policy (the "Policy") to Helen Miller (the "Insured"), with a face value of $50,000. (Am. Compl. ¶¶ 7-8.) Plaintiff alleges that the Policy originally named Barbara Miller as the first beneficiary and Defendant Efram P. Miller, aka Ephram Miller ("Miller") as the second beneficiary. (Id. ¶ 9.) After processing several Change of Beneficiary and Transfer of Ownership forms, the first beneficiary became Defendant Rasoul Abdol Esfandiari ("Esfandiari"). (Id. ¶¶ 10-11, 13-15, 17-18.) According to Plaintiff, upon information and belief, the Insured died on August 4, 2009. (Id. ¶ 19; see also Mem. in Supp. of Mot. at 1.) At the time of her death, the amount payable under the Policy was $44,424.25. (Mem. in Supp. of Mot. at 1-2.)

On September 24, 2009, Esfandiari submitted to Plaintiff a claim for the proceeds of the Policy. (Am. Compl. ¶ 20.) On or about September 30, 2009, Miller submitted to Plaintiff a competing claim for the proceeds of the Policy. (Id. ¶ 21.) Miller, who is presently incarcerated in California, alleges that ownership of the Policy was fraudulently transferred to Esfandiari. (Mem. in Supp. of Mot. at

2.)

Due to Esfandiari's and Miller's (collectively "Defendants") competing claims to the proceeds of the Policy, Plaintiff filed this interpleader action against Defendants pursuant to 28 U.S.C. § 1335 on January 4, 2010. (Id.) Plaintiff filed an amended complaint for interpleader on January 5, 2010. (Doc. # 6.) On January 7, 2010, Plaintiff deposited $44,424.25 ("funds") with the Clerk of the Court to be placed in an interest-bearing account or to be invested in an interest-bearing instrument approved by the Court. (Mem. in Supp. of Mot. at 2.) On February 17, 2010, Esfandiari answered Plaintiff's amended complaint for interpleader and filed a crossclaim against Miller. (Doc. # 10.)

On May 19, 2010, Plaintiff filed a motion for discharge. (Doc. # 33.) In its motion for discharge, Plaintiff requested an order from the Court discharging it from the action and requiring Defendants to interplead their respective claims to the funds. (Id. at 2.) Plaintiff also requested that it be awarded attorneys' fees and costs incurred in connection with bringing and maintaining the interpleader action. (Id.) Plaintiff asserted that its total attorneys' fees and costs, as of the date it filed its motion for discharge, were $8,977.00 and $571.68, respectively. (Id. at 10.)

Esfandiari did not file a response to Plaintiff's motion for discharge. However, on June 22, 2010, he filed a motion for default judgment against Miller

in which he stated, "The amount of judgment is now certain or can be readily ascertained, inasmuch as [Plaintiff's] Motion for Discharge, including the request for payment [of] legal fees and expenses is not disputed by the appearing parties." (Doc. # 40 at 2.) Esfandiari, thus, requested the Court to enter judgment on his crossclaim against Miller "for the remainder of the interpleaded funds less the amount . . . paid to [Plaintiff] as its reimbursement of attorney's fees and costs." (Id. at 2.)

Miller moved to set aside the entry of default on July 12, 2010.[1] (Doc. # 48.) That same day, Miller filed a document entitled, "Motion by Cross Claim Defendant Efram P. Miller in Agreement with the Discharge of Plaintiff New York Life Insurance and Annutty [sic] Corporations [sic] Motion for Discharge." (Doc. # 50.) In his motion, Miller requested that Plaintiff "be discharged from this case." (Id. at 1.) Miller also stated "that it is in the intrest [sic] of the policy holder that no additional funds [be awarded to Plaintiff] in excess of the funds requested by $8,977.00 and costs for filing $571.68." (Id.)

Judge Kay held a hearing on Plaintiff's motion for discharge on

---

[1] On September 13, 2010, the Court issued an order granting Miller's motion to set aside the entry of default and a findings and recommendation that Esfandiari's motion for default judgment be denied as moot. (Doc. # 78.) Senior District Judge Alan C. Kay adopted the Court's findings and recommendation on September 30, 2010. (Doc. # 81.)

August 9, 2010, and on August 13, 2010, he issued his order.  (Doc. # 69 at 5.)  In his order, Judge Kay granted Plaintiff's motion for discharge, relieving Plaintiff, its parent company, and affiliates from any other or further liability relating to the subject matter of this action.  (Id. at 9.)  In addition, Judge Kay found that Plaintiff is entitled to attorneys' fees and costs incurred in connection with bringing and maintaining the interpleader action.  (Id. at 12.)  Judge Kay noted that Miller and Esfandiari have not objected to the proposed amount of attorneys' fees and costs.  (Id. at 11.)  Judge Kay, however, directed Plaintiff to file a motion for determination of reasonable attorneys' fees and costs because the interpleader plaintiff bears the burden of establishing entitlement to such.  (Id. at 11-12.)

Plaintiff filed its Motion for Determination of Reasonable Attorneys' Fees and Costs on October 18, 2010.  (Doc. # 83.)  Because Judge Kay found that Plaintiff is entitled to attorneys' fees and costs, the only remaining issue is the amount of the award.

## DISCUSSION

I.      Attorneys' Fees

"The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." Trs. of the Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426 (9th Cir. 2000)

(citing Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp., 306 F.2d 188, 194 (9th Cir. 1962)).  "[A]s a general rule, federal law rather than state law governs the equitable power of the federal court to award attorney's fees to the interpleader stakeholder."  Island Title Corp. v. Bundy, 488 F. Supp. 2d 1084, 1095 (D. Haw. 2007) (citing Palomas Land & Cattle Co. v. Baldwin, 189 F.2d 936, 938 (9th Cir. 1951)).  Under federal law, reasonable attorneys' fees are determined by multiplying the number of hours reasonably expended on the case by a reasonable hourly rate.  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (applying the "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

In this case, Plaintiff requests attorneys' fees as follows:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| John R. Lacy | 4.3 | $445.00 | $1,913.50 |
| Audrey M. Yap (2009) | 12.0 | $150.00 | $1,800.00 |
| Audrey M. Yap (2010) | 31.9 | $165.00 | $5,263.50 |
|  |  | TOTAL | $8,977.00 |

(See Mem. in Supp. of Mot. at 4-7.)  Plaintiff states that this amount is less than the total amount of attorneys' fees incurred, because it does not include any attorneys' fees incurred after it filed its motion for discharge.  (Id. at 10-11.)

Courts outside of the Ninth Circuit have denied attorneys' fees where

the stakeholder is an insurance company.  See, e.g., Aetna U.S. Healthcare v. Higgs, 962 F. Supp. 1412, 1414-15 (D. Kan 1997); Sun Life Assurance Co. of Canada v. Thomas, 735 F. Supp. 730, 733 (W. D. Mich. 1990); Life Ins. Co. of N. Am. v. Nava, 667 F. Supp. 279, 280-81 (M.D. La. 1987).  The rationale is that "competing claims 'are part of the ordinary course of business for an insurance company' and an interpleader action should not be utilized to transfer these 'ordinary business expenses to the claimants.'"  Metro. Life Ins. Co. v. Billini, Civ. No. S-06-02918 WBS KJM, 2007 WL 4209405, at *3 (E.D. Cal. Nov. 27, 2007) (quoting Mut. of Omaha Ins. Co. v. Dolby, 531 F. Supp. 511, 517 (E.D. Pa. 1982)).  While the Ninth Circuit has not barred recovery of attorneys' fees where the stakeholder is an insurance company, the Ninth Circuit has noted that attorneys' fees awards to a disinterested stakeholder are "typically modest."  Bundy, 488 F. Supp. 2d at 1096 (citation and quotations omitted).  The Ninth Circuit has stated, "Because the interpleader plaintiff is supposed to be disinterested in the ultimate disposition of the fund, attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing the plan's release from liability, not in litigating the merits of the adverse claimants' positions." Id. (citation and quotations omitted).  "Compensable expenses include, for example, preparing the complaint, obtaining service of process on the claimants to the fund, and preparing

an order discharging the plaintiff from liability and dismissing it from the action." Id. (citation and quotations omitted).  The Ninth Circuit has explained that "because attorneys' fees are paid from the interpleaded fund itself, there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it."  Id. (citation and quotations omitted).

Here, Plaintiff claims that the total amount of attorneys' fees requested is reasonable given the circumstances of the case.  (Mem. in Supp. of Mot. at 9.)  Plaintiff claims that it incurred additional attorneys' fees because it had to deal with an incarcerated pro se Defendant, Miller.  (Yap Decl. ¶ 5.)  Plaintiff also claims that it attempted to settle the case, however, Miller allegedly subsequently repudiated a release and settlement agreement that he entered into with Esfandiari, thereby forcing Plaintiff to file its motion for discharge.  (Id. ¶ 7; Mem. in Supp. of Mot. at 9-10.)  Plaintiff claims that such subsequent repudiation by Miller delayed Plaintiff's discharge from the case.  (Yap Decl. ¶¶ 6, 7.)

The Court finds that the number of hours requested by Plaintiff is unreasonable.  The Court finds that compensation should be limited to attorneys' fees incurred in preparing the complaint and amended complaint for interpleader, preparing the ex parte motion to seal the amended complaint for interpleader,

8

preparing the ex parte motion to deposit the funds into an interest-bearing account or to be invested in an interest-bearing instrument approved by the Court, and preparing the motion for discharge.  Accordingly, the Court RECOMMENDS that Lacy be reimbursed for $1.4^2$ hours of work, and Yap be reimbursed for $8.3^3$ and $8.8^4$ hours of work for 2009 and 2010, respectively.

As to the hourly rates sought, such rates should reflect those prevailing in the community for similar work performed by attorneys of comparable experience, skill, and reputation.  See Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002); see also Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993).  Here, Plaintiff requests for Lacy, the hourly rate of $445.  (Yap Decl. ¶ 14.)  Plaintiff contends that this rate is reasonable because Lacy has more than thirty-five years of experience in civil litigation, has litigated numerous commercial and noncommercial disputes, and has

---

[2] 0.6 (reviewing and commenting on the complaint for interpleader) + 0.8 (reviewing and commenting on the motion for discharge) = 1.4.  (Mem. in Supp. of Mot. at 5-6.)

[3] 8.3 (preparing the complaint for interpleader and the ex parte motion to deposit the funds into an interest-bearing account or to be invested in an interest-bearing instrument approved by the Court).  (Id. at 5.)

[4] 0.1 (revising the complaint for interpleader) + 2.2 (preparing the amended complaint for interpleader and the ex parte motion to seal the amended complaint for interpleader) + 6.5 (preparing the motion for discharge) = 8.8.  (Id. at 5-6.)

represented numerous clients in arbitration and mediation.  (Id. ¶ 13.)  Based on the Court's knowledge of the prevailing rates in the community, the Court finds that this hourly rate is unreasonable as it is inconsistent with prior awards in this district.  See Prudential Ins. Co. of Am. v. Estate of Norva, Civ. No. 07-00616 SOM-LEK, 2009 WL 5126340, at *4 (D. Haw. Dec. 28, 2009) (in an interpleader action, finding that an hourly rate of $285 is reasonable for an attorney admitted to the Hawaii bar in 1980); Won v. England, Civ. No. 07-00606 JMS-LEK, 2008 WL 3850485, at * 4 (D. Haw. Aug. 18, 2008) (in an interpleader action, finding that an hourly rate of $285 is reasonable for an attorney admitted to the Hawaii bar in 1973); see also Ko Olina Dev., LLC v. Centex Homes, Civ. No. 09-00272 DAE-LEK, 2010 WL 447451, at *3 (D. Haw. Feb. 9, 2010) (finding that an hourly rate of $280 is reasonable for an attorney admitted to the New York bar in 1976); Nicholas M. v. Dep't of Educ., State of Hawaii, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *4 (D. Haw. Jan. 21, 2010) (finding that an hourly rate of $285 is reasonable for an attorney admitted to the Hawaii bar in 1972).  The Court finds that there is no reason to deviate from its general practice.  The Court therefore FINDS that an hourly rate of $285 is reasonable for Lacy and RECOMMENDS that he be awarded such rate.

Plaintiff requests for Yap, a third-year litigation associate, the hourly

rates of $150 and $165 for work she performed in 2009 and 2010, respectively. (Yap Decl. ¶¶ 15, 16.) The Court FINDS that Yap's hourly rates are reasonable and RECOMMENDS that she be awarded such rates.

Based on the foregoing, the Court RECOMMENDS that Plaintiff be awarded $3,096.00 in attorneys' fees as set forth below:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| John R. Lacy | 1.4 | $285.00 | $ 399.00 |
| Audrey M. Yap (2009) | 8.3 | $150.00 | $1,245.00 |
| Audrey M. Yap (2010) | 8.8 | $165.00 | $1,452.00 |
| | | TOTAL | $3,096.00 |

The Court finds that this amount is reasonable given that the facts of this case are neither novel nor complex. See, e.g., Tise, 234 F.3d at 426-28 (affirming a district court's attorneys' fee award of $3,000 when the stakeholder requested more than $97,000); Billini, 2007 WL 4209405, at *3 (awarding $2,700 in attorneys' fees when the stakeholder sought $8,717.82 and the decedent's policy was for $46,000); Mut. of Omaha Ins. Co. v. Estate of Arachikavitz, No. 2:06-cv-00830-BES (LRL), 2007 WL 2788604, at *4-5 (D. Nev. Sept. 21, 2007) (awarding $5,000 in attorneys' fees when the remaining funds were $31,919.15 and the fees requested were more than half of that amount). To grant a higher award would violate the important policy interest in seeing that the fee award does not deplete

11

the funds at the expense of the party who is ultimately deemed entitled to them.

II.     Costs

Plaintiff also seeks $571.68 in costs for filing the complaint and amended complaint for interpleader, and serving Defendants.  (Mot. at 8-9, Exs. A-D.)  The Court RECOMMENDS that Plaintiff's request as to costs be GRANTED.

CONCLUSION

In accordance with the foregoing, the Court RECOMMENDS that Plaintiff's Motion for Determination of Reasonable Attorneys' Fees and Costs be GRANTED IN PART and DENIED IN PART.  Specifically, the Court RECOMMENDS that Plaintiff be awarded $3,096.00 in attorneys' fees and $571.68 in costs, for a total award of $3,667.68.  This amount should be paid out of the funds deposited with the Clerk of the Court in connection with the interpleader action.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, November 8, 2010.


New York Life Insurance & Annuity Corp. v. Rasoul Abdol Esfandiari, et al., Civ. No. 10-00007 ACK-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION'S MOTION FOR DETERMINATION OF REASONABLE ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART.



      /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

<u>New York Life Insurance & Annuity Corp. v. Rasoul Abdol Esfandiari, et al.</u>, Civ. No. 10-00007 ACK-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION'S MOTION FOR DETERMINATION OF REASONABLE ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART.